IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| C. H. KINSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | )   1:11cv866-MEF-WC |
| | ) |
| CENTURYTEL, | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's Amended Complaint (Doc. #6). On October 27, 2011, the District Judge entered an Order referring the case to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. Order (Doc. #2). On November 29, 2011, the undersigned granted Plaintiff's Motion to proceed *in forma pauperis* and stayed service of process pending review under 28 U.S.C. § 1915 (2000), and ordered Plaintiff to file an amendment to the original complaint. *See* Order (Doc #5). Plaintiff filed the Amended Complaint, and for the reasons that follow, it is the RECOMMENDATION of the undersigned that this action be DISMISSED prior to service or process, pursuant to 28 U.S.C. § 1915 (2000).

**I.   DISCUSSION**

Twenty-eight U.S.C. § 1915 provides, in pertinent part, as follows: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (I) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In reviewing the Complaint and Amended Complaint, the court has determined that this action is due to be dismissed for failure to state a claim upon which relief may be granted.

The claim made against Defendant is entitled "embezzlement." Plaintiff alleges that Defendant "has Fraudulent charged us for long distance calls, we never made these calls." Compl. (Doc. #1) at 2. The only facts listed in the Complaint state that "there is no Dates these calls were made, no Times these calls were made and to what Destination these call were made?" *Id*. As a result of these alleged grievances, Plaintiff requests an award of $580,000.00.

The court informed Plaintiff that it was unable to discern the precise factual circumstances with which Plaintiff was aggrieved and the law or laws under which Plaintiff is bringing suit. Rule 8(a)(2) of the Federal Rules of Civil procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint is void of a statement of a claim that would entitle Plaintiff to relief. Simply because Plaintiff was charged for calls he may not have made does not evidence fraud on the part of Defendant.

In addition, the court informed Plaintiff that it appeared his case would be barred by the statute of limitations. "In diversity cases, state statutes of limitation, not the Federal Rules of Civil Procedure, govern the determination of whether actions are brought timely,"

*Anderson v. Papillion*, 445 F.2d 841, 842 (5th Cir. 1971). Alabama employs a two-year statute of limitations for fraud. *See Bajalia v. Jim Magill Chevrolet, Inc.*, 497 So. 2d 489, 491 (Ala. 1986). A review of the phone bills attached to Plaintiff's Complaint reveals that the $10.50 and $9.00 worth of phone calls complained of (as indicated by hand-drawn circles and arrows) took place between March and May of 2009. The first bill is dated April of 2009. Thus, the court was concerned that this Complaint was filed outside the statute of limitation.

For these reasons, the court ordered Plaintiff to amend his Complaint. In his Amended Complaint, Plaintiff states:

> We the plaintiffs[1] come now to make a short plain statement of the claim showing that we the pleaders are entitled to relief 580,000.000 each person. Due to punitive damages, fraud damages, fraudulent damages. Wanton injury damages, and negligence damages. Constitutional violation statutorily violation. This money belongs to us from CenturyTel. Due to the facts which is the statement of the claim consumer fraud.

Am. Compl. (Doc. #6) at 2. This is the entirety of the Amended Complaint. This statement does nothing to satisfy the Rule 8 deficiencies of the first complaint, nor does it alleviate the court's concerns over the statute of limitations. Accordingly, the court finds that in following the dictates of 28 U.S.C. § 1915(e)(2)(B), this case is due to be dismissed for failure to state a claim upon which relief may be granted.

---

[1] It appears two other people wish to join in this law suit. However, the court has received no motion, there have been no filing fees paid, and no request to proceed without the prepayment of fees. The court will not construe the statement "we the plaintiffs" and the signatures as the other Kinseys' entrance into this matter.

**II.  CONCLUSION**

For the reasons stated above, it is the RECOMMENDATION of the undersigned that this action be DISMISSED prior to service or process, pursuant to 28 U.S.C. § 1915 (2000).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before March 1, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 16th day of February, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE